1 | VINCENT J. BELUSKO (SBN 100282)
VBelusko@mofo.com
2 | RYAN J. MALLOY (SBN 253512)
RMalloy@mofo.com
3 | MORRISON & FOERSTER LLP
707 Wilshire Blvd., Ste. 6000
4 | Los Angeles, California  90017-3543
Telephone:   213.892.5200
5 | Facsimile:   213.892.5454

6 | Attorneys for Plaintiffs

7

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10

11 | UNIVERSAL CITY STUDIOS LLC and UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC,

12

13 | Plaintiffs,

14 | v.

15 | NISSIM CORP.,

16 | Defendant.

Case No.  2:14-CV-04628

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-LIABILITY FOR PATENT INFRINGEMENT**

**Jury Trial Demanded**

17

18

19

20

21

22

23

24

25

26

27

28

la-1253826

Plaintiffs Universal City Studios LLC and Universal Studios Home Entertainment LLC (collectively, "Universal"), by and through their undersigned counsel, hereby bring this Complaint for Declaratory Judgment against Nissim Corp. ("Nissim") and allege as follows:

**NATURE OF THE ACTION**

1.      Nissim contends that it is the owner of United States Patent Nos. 7,054,547 (the '547 patent), 6,463,207 (the '207 patent), 6,304,715 (the '715 patent), 6,208,805 (the '805 patent), 6,151,444 (the '444 patent), 6,002,833 (the '833 patent), 5,987,211 (the '211 patent), 5,913,013 (the '013 patent), 5,724,472 (the '472 patent), 5,589,945 (the '945 patent), and 5,434,678 (the '678 patent) (collectively, the "Patents-in-Suit").

2.      On November 6, 2013, Nissim sent Universal a letter alleging that Universal video discs infringe the Patents-in-Suit and threatening litigation against Universal if Universal did not agree to a royalty-bearing license to the Patents-in-Suit.   A true and correct copy of that letter is attached as Exhibit 1.

3.      Nissim's infringement allegations are meritless.  Universal has not infringed any claims of the Patents-in-Suit.  Moreover, the claims of the Patents-in-Suit are invalid.

4.      Regardless, even assuming *arguendo* that Nissim's infringement allegations did have merit, Nissim still would not be entitled to any relief for any alleged infringement.  Nissim is precluded at least by 35 U.S.C. § 287 and by the doctrine of laches from obtaining any relief for any alleged infringement of the Patents-in-Suit by Universal.  Nissim's claims for relief against Universal are further barred by patent exhaustion and implied license due to licenses that Nissim granted to companies that make and sell video disc players.  Nissim's claims for relief against Universal are still further barred by the doctrines of equitable estoppel and estoppel by acquiescence.

1

la-1253826

1    5.    Universal seeks declaratory judgment that Nissim is not entitled to any

2    relief from Universal for any alleged infringement of the Patents-in-Suit.

3    **PARTIES**

4    6.    Universal City Studios LLC is a Delaware limited liability company

5    with its principal place of business at 100 Universal City Plaza, Universal City, CA

6    91608.

7    7.    Universal Studios Home Entertainment LLC is a Delaware limited

8    liability company with its principal place of business at 100 Universal City Plaza,

9    Universal City, CA 91608.

10    8.    Upon information and belief, Nissim is a Florida corporation.  Upon

11    information and belief, Nissim's principal place of business is 18457 Long Lake

12    Drive, Boca Raton, Florida, 33496.

13    **JURISDICTION AND VENUE**

14    9.    Universal incorporates by reference as if fully stated herein and

15    realleges the allegations in paragraph 2 of this Complaint.  In its November 6, 2013,

16    letter and in subsequent conversations, Nissim has asserted to Universal that Nissim

17    owns and has the right to enforce each of the Patents-in-Suit.  Nissim has further

18    accused Universal of infringing each of the Patents-in-Suit.  Based on Nissim's

19    accusations, Universal has a reasonable apprehension that Nissim may sue

20    Universal for alleged patent infringement.  An actual and justiciable controversy

21    exists between the parties concerning Universal's liability or non-liability for

22    alleged infringement of the Patents-in-Suit.

23    10.    This is an action under the Federal Declaratory Judgments Act, 28

24    U.S.C. §§ 2201 and 2202, against Nissim for a declaration that pursuant to the

25    patent laws of the United States, 35 U.S.C. §§ 1 et seq., Universal has not infringed

26    the Patents-in-Suit, the disputed claims of the Patents-in-Suit are invalid, and

27    Nissim is not entitled to any relief from Universal for any alleged infringement of

28

2

la-1253826

1    the Patents-in-Suit.  Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331

2    and 1338(a).

3         11.    This Court has personal jurisdiction over Nissim by virtue of Nissim's

4    extensive contacts with the State of California and with this District more

5    particularly.  Nissim's minimum contacts with the State of California and this

6    District include at least the following:  (1) prosecuting causes of action for alleged

7    infringement of the Patents-in-Suit in this District from February 2008 to May

8    2013; (2) sending a letter to Universal in this District on November 6, 2013,

9    seeking to license the Patents-in-Suit to Universal and threatening to sue Universal

10   for patent infringement; (3) sending letters to other companies based in the State of

11   California and this District seeking to license the Patents-in-Suit and threatening

12   litigation against those companies; (4) filing patent-infringement lawsuits against

13   companies whose principal place of business is in the State of California and this

14   District, including Warner Bros. Entertainment Inc. and Warner Home Video Inc.,

15   for acts of alleged infringement that took place in this District; (5) licensing the

16   Patents-in-Suit to companies whose principal place of business is in the State of

17   California and this District; and (6) commercializing technologies that allegedly

18   exploit various aspects of the Patents-in-Suit through its subsidiary CustomPlay,

19   LLC, which markets and distributes those technologies in the State of California

20   and this District.

21        12.    Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

22   Nissim is a corporation that is subject to personal jurisdiction in this District.  A

23   substantial part of the events giving rise to Nissim's patent-infringement allegations

24   occurred in this District.

25                           **BACKGROUND FACTS**

26        13.    The facts in this section establish that Nissim cannot recover any

27   damages for any alleged infringement of any of the Patents-in-Suit.

28

la-1253826

3

14.     Videos can be stored on DVDs and Blu-ray discs (collectively, "Video Discs").  DVD players and Blu-ray disc players (collectively, "Disc Players") can be used to view the video content on Video Discs.

15.     The date on which the '945 Patent expired is no later than December 31, 2013.   Acts that occurred after December 31, 2013, do not constitute infringement of the '945 Patent.

16.     Universal uses the term "Non-945 Patents-in-Suit" herein to mean the Patents-in-Suit other than the '945 Patent.  The Non-945 Patents-in-Suit consist of the '547 patent, the '207 patent, the '715 patent, the '805 patent, the '444 patent, the '833 patent, the '211 patent, the '013 patent, the '472 patent, and the '678 patent.

17.     Universal uses the term "Expiration Date" herein to mean the expiration date of the last of the Non-945 Patents-in-Suit to expire.  Acts that occurred after the Expiration Date do not constitute infringement of any of the Non-945 Patents-in-Suit.

18.     The Expiration Date is January 11, 2013.

19.     For at least the reasons set forth below, Nissim cannot recover any damages from Universal for any alleged infringement of the Patents-in-Suit that occurred prior to the filing of this Complaint.

20.     On information and belief, prior to the Expiration Date, Nissim did not express to Universal its allegation that Universal infringed any of the Patents-in-Suit.  More specifically, prior to the Expiration Date, Nissim did not express to Universal its allegation that Universal infringed the '547 patent.  Prior to the Expiration Date, Nissim did not express to Universal its allegation that Universal infringed the '207 patent.  Prior to the Expiration Date, Nissim did not express to Universal its allegation that Universal infringed the '715 patent.  Prior to the Expiration Date, Nissim did not express to Universal its allegation that Universal infringed the '805 patent.  Prior to the Expiration Date, Nissim did not express to

la-1253826

1   Universal its allegation that Universal infringed the '444 patent.  Prior to the

2   Expiration Date, Nissim did not express to Universal its allegation that Universal

3   infringed the '833 patent.  Prior to the Expiration Date, Nissim did not express to

4   Universal its allegation that Universal infringed the '211 patent.   Prior to the

5   Expiration Date, Nissim did not express to Universal its allegation that Universal

6   infringed the '013 patent.  Prior to the Expiration Date, Nissim did not express to

7   Universal its allegation that Universal infringed the '472 patent.  Prior to the

8   Expiration Date, Nissim did not express to Universal its allegation that Universal

9   infringed the '678 patent.  Prior to November 6, 2013, Nissim did not express to

10  Universal its allegation that Universal infringed the '945 patent.

11        21.    On information and belief, prior to the Expiration Date, Nissim did not

12  express to Universal the identity of any Universal product that allegedly infringed

13  any Nissim patent.

14        22.    On December 9, 1998, counsel for Nissim sent a letter to Polygram

15  Filmed Entertainment ("Polygram") alleging that a DVD entitled "Kalifornia"

16  infringed the '678, '945, and '472 patents.  Universal and Polygram merged in

17  1998.  Universal has not sold the Kalifornia DVD within the past six years.

18        23.    On January 21, 1999, counsel for Nissim sent Universal a letter

19  proposing to license the '678, '945, and '472 patents to Universal.  That letter did

20  not accuse any Universal product of infringing any patent.  That letter also did not

21  identify any Universal product that allegedly required a license.

22        24.    On information and belief, Nissim had no subsequent communications

23  with Universal prior to November 6, 2013.

24                *Additional Facts Regarding Equitable Defenses*

25        25.    Under the doctrine of laches, Nissim cannot recover any damages for

26  any alleged use by Universal of the alleged inventions claimed in the Patents-in-

27  Suit.

28

5

la-1253826

26.     On information and belief, the first time that Nissim notified Universal about Universal's alleged infringement of the Patents-in-Suit was on November 6, 2013.  On November 6, 2013, Nissim sent Universal a letter alleging that Universal video discs with Seamless Play and User Operation Control functionalities infringed each of the Patents-in-Suit.  Nissim stated:  "The Nissim Patents principally cover features of the DVD Specifications known as User Operation Control and Seamless Play.  Virtually all DVD-Video discs contain User Operation Control capabilities, and many contain Seamless Play capabilities."  In the letter, Nissim threatens to file a patent-infringement lawsuit against Universal if Universal does not pay a royalty to Nissim.

27.     Universal has sold Video Discs having what Nissim alleges to be "Seamless Play" functionality since at least 2004.  Additionally, Universal has sold Video Discs having what Nissim alleges to be "User Operation Control" functionality since at least 1998.  Nissim could have discovered at least as early as 2004 that Universal's Video Discs included those alleged functionalities by playing Universal's Video Discs in a Disc Player.  Discovering that fact in 2004 would have required only reasonable efforts on Nissim's part.

28.     The first of the Patents-in-Suit to issue (the '678 patent) issued on July 18, 1995.  The last of the Patents-in-Suit to issue (the '547 patent) issued on May 30, 2006.  Upon information and belief, Nissim was aware at least as early as May 2008, and likely much earlier, that Universal sold Video Discs.  Upon information and belief, Nissim was further aware at least as early as May 2008 that Universal sold Video Discs allegedly having Seamless Play and User Operation Control functionalities.  Upon information and belief, Nissim was aware of Universal's purported infringement of all of the Patents-in-Suit at least as early as May 2008.

29.     Nissim unreasonably and inexcusably delayed filing a lawsuit for Universal's alleged infringement of the Patents-in-Suit.  Nissim's unreasonable delay in filing a lawsuit was prejudicial and injurious to Universal.  For example,

6

1  Nissim's delay discouraged Universal from pursuing alternatives to its allegedly
2  infringing activities.  As another example, witnesses' memories have faded and
3  documentary evidence has been lost due to Nissim's delay in filing a lawsuit.  It
4  would be inequitable to permit Nissim to bring a cause of action against Universal
5  for infringement of the Patents-in-Suit.

6       30.    Under the doctrines of equitable estoppel and estoppel by
7  acquiescence, Nissim cannot recover any damages for any alleged infringement of
8  the '678, '945, and '472 patents.  Nissim's failure to assert the '678, '945, and '472
9  patents in timely fashion and Nissim's silence in the face of the public activities for
10  which Universal is now accused of infringement misled Universal into reasonably
11  inferring that Nissim did not intend to prosecute an action for infringement against
12  Universal.  Universal detrimentally relied on Nissim's misleading conduct and
13  silence.  For example, Universal was discouraged from pursuing alternatives to its
14  activities now accused of infringement.

15  *Additional Facts Regarding Nissim's Failure to Comply with 35 U.S.C. § 287*

16       31.    Nissim is not entitled to any damages for any use by Universal of the
17  alleged inventions claimed in the Non-945 Patents-in-Suit that occurred prior to the
18  Expiration Date because Nissim failed to comply with the provisions of Section 287
19  of the Patent Act (i.e., 35 U.S.C. § 287).  Nissim's failure to comply with the
20  provisions of Section 287 of the Patent Act further bars Nissim from recovering any
21  damages for alleged infringement of the '945 Patent that occurred prior to
22  November 6, 2013.

23       32.    If a patentee or its licensees sell in the United States articles that
24  practice a patent, Section 287 of the Patent Act requires that the patentee give an
25  accused infringer actual or constructive notice that it infringes that patent to be
26  eligible to recover damages for that infringement.

27       33.    Actual notice of infringement under Section 287 of the Patent Act
28  requires that the patentee express its allegation of infringement to the accused

infringer.  In particular, actual notice of infringement under Section 287 of the Patent Act requires that the patentee express to the accused infringer the identities of the patents allegedly infringed and the products accused of infringing that patent.

34.    Nissim did not provide Universal with actual notice of infringement of the Non-945 Patents-in-Suit under Section 287 of the Patent Act prior to the Expiration Date for any Video Discs sold by Universal with the past six years. Nissim did not provide Universal with actual notice of infringement of the '945 Patent under Section 287 of the Patent Act prior to November 6, 2013 for any Video Discs sold by Universal with the past six years.  These assertions are established by the facts set forth above in this Complaint.

35.    Constructive notice under Section 287 of the Patent Act requires that a patentee make reasonable efforts to ensure that licensees mark patented products with the patents that those products practice.

36.    Nissim did not provide Universal with constructive notice of infringement of any of the Patents-in-Suit under Section 287 of the Patent Act prior to the Expiration Date.  This is established by the facts set forth below.

37.    Nissim has entered into agreements in which Nissim granted at least some rights to use the alleged inventions claimed in the Patents-in-Suit to entities other than Nissim.  Universal uses the term "Nissim License" herein to refer to any such agreement and the term "Nissim Licensee" to refer to any entity that was granted rights under any such agreement.

38.    Nissim contends that the unlicensed sale in the United States of at least some Video Discs before the expiration of the Patents-in-Suit infringed one or more claims of the Patents-in-Suit.  Hereinafter, Universal uses the term "Patented Video Discs" to refer to any and all Video Discs that Nissim contends satisfy the limitations of one or more claims of the Patents-in-Suit.

39.    Upon information and belief, for each Patent-in-Suit, Nissim contends that all unlicensed sales in the United States of Video Discs with User Operation

la-1253826

1  Control capability that occurred after that Patent-in-Suit issued and before that

2  Patent-in-Suit expired infringed that Patent-in-Suit.  Upon information and belief,

3  for each Patent-in-Suit, Nissim contends that all unlicensed sales in the United

4  States of Video Discs with Seamless Play capability that occurred after that Patent-

5  in-Suit issued and before that Patent-in-Suit expired infringed that Patent-in-Suit.

6      40.    At least some Nissim Licenses give Nissim Licensees rights to sell

7  Patented Video Discs in the United States prior to the Expiration Date.

8      41.    At least some Nissim Licenses that give Nissim Licensees rights to sell

9  Patented Video Discs in the United States prior to the Expiration Date lack any

10  provision requiring those licensees to mark Patented Video Discs with any of the

11  Patents-in-Suit.

12      42.    For example, Nissim entered into a license agreement with Sony

13  Corporation ("Sony") in 2000 ("Sony License").  The Sony License gives Sony

14  rights to sell Patented Video Discs in the United States.  The Sony License contains

15  no provision requiring Sony to mark any Patented Video Discs with any of the

16  Patents-in-Suit.

17      43.    Upon information and belief, at least some Nissim Licensees, after

18  entering into a Nissim License but prior to the Expiration Date, sold at least some

19  Patented Video Discs in the United States that were not marked with any of the

20  Patents-in-Suit.  Upon further information and belief, at least some of those same

21  Nissim Licensees, after being granted a Nissim License but prior to the Expiration

22  Date, sold unmarked Patented Video Discs in the United States in packaging that

23  was not marked with any of the Patents-in-Suit.  At least some of those sales of

24  unmarked Patented Video Discs in unmarked packaging occurred more than six

25  years prior to the filing of this Complaint.

26      44.    For example, after entering into the Sony License but prior to the

27  Expiration Date, Sony sold at least some Patented Video Discs in the United States

28  that were not marked with any of the Patents-in-Suit.  Furthermore, after entering

9

into the Sony License but prior to the Expiration Date, Sony sold unmarked Patented Video Discs in the United States in packaging that was not marked with any of the Patents-in-Suit.  Furthermore, at least some of Sony's sales of unmarked Video Discs in unmarked packaging occurred more than six years prior to the filing of this Complaint.

45.    After entering into the Sony License but prior to the Expiration Date, Sony sold in the United States at least some Patented Video Discs having User Operation Control capability that were not marked with any of the Patents-in-Suit. Furthermore, after entering into the Sony License but prior to the Expiration Date, Sony sold at least some unmarked Patented Video Discs with User Operation Control capability in the United States in packaging that was not marked with any of the Patents-in-Suit.  Furthermore, at least some of Sony's sales of unmarked Video Discs with User Operation Control capability in unmarked packaging occurred more than six years prior to the filing of this Complaint.

46.    After entering into the Sony License but prior to the Expiration Date, Sony sold in the United States at least some Patented Video Discs having Seamless Play capability that were not marked with any of the Patents-in-Suit.  Furthermore, after entering into the Sony License but prior to the Expiration Date, Sony sold at least some unmarked Patented Video Discs with Seamless Play capability in the United States in packaging that was not marked with any of the Patents-in-Suit. Furthermore, at least some of Sony's sales of unmarked Video Discs with Seamless Play capability in unmarked packaging occurred more than six years prior to the filing of this Complaint.

47.    Upon information and belief, no Nissim Licensee has ever marked a Patented Video Disc or its packaging with any of the Patents-in-Suit.

48.    Nissim further contends that the unlicensed sale in the United States of at least some Disc Players prior to the Expiration Date infringed the Patents-in-Suit.

1    Hereinafter, Universal uses the term "Patented Disc Players" to refer to any and all

2    Disc Players that Nissim contends satisfy one or more claims of the Patents-in-Suit.

3         49.    Upon information and belief, for each Patent-in-Suit, Nissim contends

4    that all unlicensed sales in the United States of Disc Players with User Operation

5    Control capability that occurred after that Patent-in-Suit issued and before that

6    Patent-in-Suit expired infringed that Patent-in-Suit.  Upon information and belief,

7    for each Patent-in-Suit, Nissim contends that all unlicensed sales in the United

8    States of Disc Players with Seamless Play capability that occurred after that Patent-

9    in-Suit issued and before that Patent-in-Suit expired infringed that Patent-in-Suit.

10        50.    At least some Nissim Licenses give Nissim Licensees rights to sell

11   Patented Disc Players in the United States prior to the Expiration Date.

12        51.    Upon information and belief, at least some Nissim Licenses that give

13   Nissim Licensees rights to sell Patented Disc Players in the United States prior to

14   the Expiration Date lack any provision requiring those licensees to mark Patented

15   Disc Players with any of the Patents-in-Suit.

16        52.    At least some Nissim Licensees, after being granted a Nissim License

17   but before the expiration of the Patents-in-Suit, sold Patented Disc Players in the

18   United States that were not marked with any of the Patents-in-Suit.  Those Nissim

19   Licensees include at least Sony, Oppo, and Panasonic.  Furthermore, upon

20   information and belief, at least some Nissim Licensees, after being granted a

21   Nissim License but before the expiration of the Patents-in-Suit, sold unmarked

22   Patented Disc Players in the United States in packaging that was not marked with

23   any of the Patents-in-Suit.  Furthermore, at least some of those sales of unmarked

24   Patented Disc Players in unmarked packaging occurred more than six years prior to

25   the filing of this Complaint.

26        53.    Nissim did not make reasonable efforts to ensure that Nissim

27   Licensees marked Patented Video Discs with the Patents-in-Suit prior to the

28   expiration of the Patents-in-Suit.

la-1253826

54.     Nissim did not make reasonable efforts to ensure that Nissim Licensees marked Patented Disc Players with the Patents-in-Suit prior to the expiration of the Patents-in-Suit.

55.     To recover any damages for any infringement of the Non-945 Patents-in-Suit, Nissim bears the burden of proving compliance with 35 U.S.C. § 287.  For at least the reasons set forth above, Nissim cannot prove such compliance.

56.     To recover any damages for any infringement of the '945 patent that occurred prior to November 6, 2013, Nissim bears the burden of proving compliance with 35 U.S.C. § 287.  For at least the reasons set forth above, Nissim cannot prove such compliance.

*Additional Facts Regarding License and Patent Exhaustion*

57.     Nissim is further barred under the doctrines of patent exhaustion and implied license from recovering damages for Universal's alleged infringement of the Patents-in-Suit.

58.     Some Nissim Licenses authorize some Nissim Licensees to sell Patented Disc Players to consumers in the United States.  Some Nissim Licensees made authorized sales of Patented Disc Players to consumers in the United States prior to the Expiration Date.  Upon information and belief, most sales of Patented Disc Players in the United States after May 2008 were authorized by Nissim.

59.     Patented Disc Players are adapted and designed to play Patented Video Discs.  Seamless Play and User Operation Control functionalities on Patented Disc Players have no use except when those Patented Disc Players are used to play Patented Video Discs.

60.     Patented Video Discs are adapted and designed to be played on Patented Disc Players.  Seamless Play and User Operation Control functionalities on Patented Video Discs have no use except when those Patented Video Discs are played on Patented Disc Players.

12

la-1253826

1    61.    Under the doctrine of patent exhaustion, consumers with Nissim-
2  licensed Patented Disc Players have a right to play Patented Video Discs on those
3  Patented Disc Players.  Furthermore, under the doctrine of patent exhaustion,
4  Universal has a right to sell Patented Video Discs to consumers with Nissim-
5  licensed Patented Disc Players.

6    62.    Under the doctrine of implied license, consumers with Nissim-licensed
7  Patented Disc Players have a right to play Patented Video Discs on those Patented
8  Disc Players.  Furthermore, under the doctrine of implied license, Universal has a
9  right to sell Patented Video Discs to consumers with Nissim-licensed Patented Disc
10 Players.

11   63.     Permitting Nissim to recover damages for Patented Video Discs used
12 with Nissim-licensed Patented Disc Players would result in an impermissible
13 double recovery to Nissim.

## COUNT 1

### (U.S. Patent No. 7,054,547)

16   64.    Universal incorporates by reference as if fully stated herein and
17 realleges the allegations in paragraphs 1–63 of this Complaint.

18   65.    As a result of Nissim's allegations against Universal, an actual
19 controversy exists as to Universal's liability for alleged infringement of
20 the '547 patent.  A true and correct copy of the '547 patent is attached as Exhibit 2.

21   66.    Universal is not infringing and has not infringed, either directly or
22 indirectly, the '547 patent.

23   67.    The disputed claims of the '547 patent are invalid for failure to meet
24 one or more requirements of Title 35 of the United States Code, including but not
25 limited to §§ 101, 102, 103, and 112.

26   68.    Nissim is not entitled to any relief for any alleged infringement by
27 Universal of the '547 patent.

28

la-1253826

**COUNT 2**

**(U.S. Patent No. 6,463,207)**

69.     Universal incorporates by reference as if fully stated herein and realleges the allegations in paragraphs 1–63 of this Complaint.

70.     As a result of Nissim's allegations against Universal, an actual controversy exists as to Universal's liability for alleged infringement of the '207 patent. A true and correct copy of the '207 patent is attached as Exhibit 3.

71.     Universal is not infringing and has not infringed, either directly or indirectly, the '207 patent.

72.     The disputed claims of the '207 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112.

73.     Nissim is not entitled to any relief for any alleged infringement by Universal of the '207 patent.

**COUNT 3**

**(U.S. Patent No. 6,304,715)**

74.     Universal incorporates by reference as if fully stated herein and realleges the allegations in paragraphs 1–63 of this Complaint.

75.     As a result of Nissim's allegations against Universal, an actual controversy exists as to Universal's liability for alleged infringement of the '715 patent. A true and correct copy of the '715 patent is attached as Exhibit 4.

76.     Universal is not infringing and has not infringed, either directly or indirectly, the '715 patent.

77.     The disputed claims of the '715 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112.

78.     Nissim is not entitled to any relief for any alleged infringement by Universal of the '715 patent.

14

## COUNT 4

### (U.S. Patent No. 6,208,805)

79.     Universal incorporates by reference as if fully stated herein and realleges the allegations in paragraphs 1–63 of this Complaint.

80.     As a result of Nissim's allegations against Universal, an actual controversy exists as to Universal's liability for alleged infringement of the '805 patent.  A true and correct copy of the '805 patent is attached as Exhibit 5.

81.     Universal is not infringing and has not infringed, either directly or indirectly, the '805 patent.

82.     The disputed claims of the '805 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112.

83.     Nissim is not entitled to any relief for any alleged infringement by Universal of the '805 patent.

## COUNT 5

### (U.S. Patent No. 6,151,444)

84.     Universal incorporates by reference as if fully stated herein and realleges the allegations in paragraphs 1–63 of this Complaint.

85.     As a result of Nissim's allegations against Universal, an actual controversy exists as to Universal's liability for alleged infringement of the '444 patent.  A true and correct copy of the '444 patent is attached as Exhibit 6.

86.     Universal is not infringing and has not infringed, either directly or indirectly, the '444 patent.

87.     The disputed claims of the '444 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112.

88.     Nissim is not entitled to any relief for any alleged infringement by Universal of the '444 patent.

la-1253826

## COUNT 6

### (U.S. Patent No. 6,002,833)

89.     Universal incorporates by reference as if fully stated herein and realleges the allegations in paragraphs 1–63 of this Complaint.

90.     As a result of Nissim's allegations against Universal, an actual controversy exists as to Universal's liability for alleged infringement of the '833 patent.  A true and correct copy of the '833 patent is attached as Exhibit 7.

91.     Universal is not infringing and has not infringed, either directly or indirectly, the '833 patent.

92.     The disputed claims of the '833 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112.

93.     Nissim is not entitled to any relief for any alleged infringement by Universal of the '833 patent.

## COUNT 7

### (U.S. Patent No. 5,987,211)

94.     Universal incorporates by reference as if fully stated herein and realleges the allegations in paragraphs 1–63 of this Complaint.

95.     As a result of Nissim's allegations against Universal, an actual controversy exists as to Universal's liability for alleged infringement of the '211 patent.  A true and correct copy of the '211 patent is attached as Exhibit 8.

96.     Universal is not infringing and has not infringed, either directly or indirectly, the '211 patent.

97.     The disputed claims of the '211 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112, and the doctrine of obviousness-type double patenting.

la-1253826

98.   Nissim is not entitled to any relief for any alleged infringement by Universal of the '211 patent.

## COUNT 8

### (U.S. Patent No. 5,913,013)

99.   Universal incorporates by reference as if fully stated herein and realleges the allegations in paragraphs 1–63 of this Complaint.

100.   As a result of Nissim's allegations against Universal, an actual controversy exists as to Universal's liability for alleged infringement of the '013 patent.  A true and correct copy of the '013 patent is attached as Exhibit 9.

101.   Universal is not infringing and has not infringed, either directly or indirectly, the '013 patent.

102.   The disputed claims of the '013 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112, and the doctrine of obviousness-type double patenting.

103.   Nissim is not entitled to any relief for any alleged infringement by Universal of the '013 patent.

## COUNT 9

### (U.S. Patent No. 5,724,472)

104.   Universal incorporates by reference as if fully stated herein and realleges the allegations in paragraphs 1–63 of this Complaint.

105.   As a result of Nissim's allegations against Universal, an actual controversy exists as to Universal's liability for alleged infringement of the '472 patent.  A true and correct copy of the '472 patent is attached as Exhibit 10.

106.   Universal is not infringing and has not infringed, either directly or indirectly, the '472 patent.

la-1253826

107.   The disputed claims of the '472 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112, and the doctrine of obviousness-type double patenting.

108.   Nissim is not entitled to any relief for any alleged infringement by Universal of the '472 patent.

**COUNT 10**

**(U.S. Patent No. 5,589,945)**

109.   Universal incorporates by reference as if fully stated herein and realleges the allegations in paragraphs 1–63 of this Complaint.

110.   As a result of Nissim's allegations against Universal, an actual controversy exists as to Universal's liability for alleged infringement of the '945 patent.  A true and correct copy of the '945 patent is attached as Exhibit 11.

111.   Universal is not infringing and has not infringed, either directly or indirectly, the '945 patent.

112.   The disputed claims of the '945 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112, and the doctrine of obviousness-type double patenting.

113.   Nissim is not entitled to any relief for any alleged infringement by Universal of the '945 patent.

**COUNT 11**

**(U.S. Patent No. 5,434,678)**

114.   Universal incorporates by reference as if fully stated herein and realleges the allegations in paragraphs 1–63 of this Complaint.

115.   As a result of Nissim's allegations against Universal, an actual controversy exists as to Universal's liability for alleged infringement of

18

la-1253826

the '678 patent.  A true and correct copy of the '678 patent is attached as Exhibit 12.

116.   Universal is not infringing and has not infringed, either directly or indirectly, the '678 patent.

117.   The disputed claims of the '678 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112, and the doctrine of obviousness-type double patenting.

118.   Nissim is not entitled to any relief for any alleged infringement by Universal of the '678 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Universal prays for judgment as follows:

A.     A declaration that Universal has not infringed the Patents-in-Suit;

B.     A declaration that the disputed claims of the Patents-in-Suit are invalid;

C.     A declaration that Nissim is not entitled to any relief for any alleged infringement of the Patents-in-Suit by Universal;

D.     A declaration that this case is exceptional under 35 U.S.C. § 285;

E.     An award of Universal's costs and attorneys' fees; and

F.     Any other remedy to which Universal may be entitled.

Dated:      June 16, 2014          By: /s/  Vincent J. Belusko
                                   VINCENT J. BELUSKO
                                   RYAN MALLOY
                                   MORRISON & FOERSTER LLP
                                   Attorneys for Plaintiffs

19

la-1253826

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Universal hereby demands a trial by jury on all issues raised by the Complaint.


Dated:        June 16, 2014               By:  /s/  Vincent J. Belusko
                                          VINCENT J. BELUSKO
                                          RYAN MALLOY
                                          MORRISON & FOERSTER LLP
                                          Attorneys for Plaintiffs

la-1253826

20